UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| STATE FARM FIRE AND CASUALTY COMPANY,<br><br>           Plaintiff,<br><br>     v.<br><br>ROBERT F. HEVNER, and KARIN HEVNER,<br><br>           Defendants. | CASE NO. C25-98 MJP<br><br>ORDER GRANTING MOTION TO INTERVENE |

This matter comes before the Court on Intervenor L.B.'s Motion to Intervene and Motion to Use Pseudonym. (Dkt. No. 9.) Having reviewed the Motion, Plaintiff State Farm Fire and Casualty Company's Opposition (Dkt. No. 16), and all supporting materials, the Court GRANTS the Motion.

**BACKGROUND**

State Farm seeks a declaratory judgment that it owes no duty to defend Defendants Robert and Karin Hevner in a state action brought by the victim of child molestation that

occurred at the Hevner residence in 2013 and 2014. (Compl. ¶¶ 13-17.) The victim, L.B., filed suit in King County Superior Court in 2024, accusing Robert Hevner of molesting her from 2013 to 2014, and seeking to recover damages from both Hevners. (Id. ¶¶ 13-15.) Robert Hevner was charged with first degree child rape and pleaded guilty in 2023. (Id. ¶ 18.) As is relevant to the action filed in this Court, State Farm issued both a homeowners policy and personal liability umbrella policy to the Hevners that were effective from 2013 to 2015. (Id. ¶¶ 7-12.) State Farm is currently defending the Hevners in the state action under a reservation of rights. (Id. ¶ 24.) State Farm contends in this action that it owes no duty to defend because of various exclusions in both the homeowners' and umbrella policies apply. (Id. ¶¶ 25-29.)

L.B., has timely moved to intervene and seeks to proceed as an intervenor using a pseudonym. (Mot. at 9.) She contends that she has a right to intervene under Fed. R. Civ. P. 24(a)(2). State Farm opposes the motion, while the Hevners have not responded. The Court notes that Karin Hevner is represented by Gordon, Tilden, Thomas, & Cordell LLP, and Robert Hevner has appearing pro se. (See Answers (Dkt. Nos. 15, 17).)

## ANALYSIS

**A.      Legal Standard**

Federal Rule of Civil Procedure 24(a)(2) states:

> On timely motion, the court must permit anyone to intervene who . . . claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

"An applicant seeking to intervene as of right under Rule 24 must demonstrate that four requirements are met: (1) the intervention application is timely; (2) the applicant has a significant protectable interest relating to the property or transaction that is the subject of the action; (3) the disposition of the action may, as a practical matter, impair or impede the applicant's ability to

ORDER GRANTING MOTION TO INTERVENE - 2

protect its interest; and (4) the existing parties may not adequately represent the applicant's interest." Citizens for Balanced Use v. Montana Wilderness Ass'n, 647 F.3d 893, 897 (9th Cir. 2011) (citation and quotation omitted). In addition to mandating broad construction, our review is guided primarily by practical considerations, not technical distinctions." Sw. Ctr. for Biological Diversity v. Berg, 268 F.3d 810, 818 (9th Cir. 2001).

**B.     The Motion is Timely**

There is no dispute that L.B.'s Motion is timely. This element is satisfied.

**C.     Significant, Protectible Interest**

As to this second element, "[t]o demonstrate a significant protectable interest, an applicant must establish that the interest is protectable under some law and that there is a relationship between the legally protected interest and the claims at issue." Citizens, 647 F.3d at 897.

The Court here finds that L.B. has a protectible interest in this declaratory action. She has an overall interest in making sure that the Hevners enjoy insurance coverage under either or both of the State Farm insurance policies. As the Ninth Circuit has explained, an injured third-party has an independent right to litigate coverage. See Westchester Fire Ins. Co. v. Mendez, 585 F.3d 1183, 1188 (9th Cir. 2009). The Court remains unpersuaded by State Farm's argument that L.B. has no interest because this action concerns only its duty to defend, not the duty to indemnify. While State Farm is correct that there are distinctions between the duty to defend and duty to indemnify, there is no practical difference in the context of this action. That is because any determination that State Farm owes no duty to defend would necessarily determine that the loss here falls within one or more of the policy exclusions for which there is no coverage. In other words, State Farm's request for a declaratory judgment that it owes no duty to defend necessarily

1  implicates its duty to indemnify. This also renders unconvincing State Farm's efforts to
2  distinguish Westchester by the fact that it concerned the duty to indemnify. That factual
3  distinction is not dispositive of L.B.'s rights, particularly since a determination on State Farm's
4  duty to defend will implicate L.B.'s interests in State Farm's duty to indemnify. The Court finds
5  this element satisfied.

**D.    Rights Substantially Affected**

As to this third element, the Rule Advisory Committee has explained that "[i]f an absentee would be substantially affected in a practical sense by the determination made in an action, he should, as a general rule, be entitled to intervene. . . ." Fed. R. Civ. P. 24 advisory committee's note (1966 Amendments).

The Court agrees with L.B. that her rights could be substantially affected through a ruling on State Farm's declaratory action. If the Court finds State Farm's favor, it would seemingly determine that there is no coverage at all for either or both of the Hevners under the policies at issue. This would impact not just State Farm's duty to defend, but also its duty to indemnify. And while State Farm is correct that its claim seeks a judgment only as to the duty to defend, its claim necessarily implicates the duty to indemnify. The Court finds this factor satisfied.

**E.    Adequacy of the Representation**

As to this fourth element, the burden of showing inadequacy of representation is "minimal" and satisfied if the applicant can demonstrate that representation of its interests "may be" inadequate. Arakaki v. Cayetano, 324 F.3d 1078, 1086 (9th Cir. 2003). We examine three factors: "(1) whether the interest of a present party is such that it will undoubtedly make all of a proposed intervenor's arguments; (2) whether the present party is capable and willing to make such arguments; and (3) whether a proposed intervenor would offer any necessary elements to

the proceeding that other parties would neglect." Id. The "most important factor" in assessing the adequacy of representation is "how the interest compares with the interests of existing parties." Id. "If an applicant for intervention and an existing party share the same ultimate objective, a presumption of adequacy of representation arises." Citizens, 647 F.3d at 898. "To rebut the presumption, an applicant must make a 'compelling showing' of inadequacy of representation." Id. (quoting Arakaki, 324 F.3d at 1086).

As to the first factor, the Hevners have strong financial motivations to obtain coverage for the underlying litigation and fight State Farm's declaratory action. L.B. has an interest in there being coverage, should she obtain a judgment against either or both of the Hevners in the state action. But their interests diverge to some degree as to what concessions and arguments they may wish to make in this action that might be unfavorable or prejudicial in the underlying state action. The Court is therefore unconvinced that the parties share the same ultimate objective. As to the second factor, the Court is without any information on which to determine whether the Defendants will be capable and willing to make the necessary arguments to protect L.B.'s interest, given that neither Defendant responded to the motion to intervene. While the Court is familiar with the firm representing Karin Hevner, it notes that Robert Hevner is appearing pro se, and is likely to have difficulty litigating what could be a complicated issue of insurance coverage. As to the final factor, the Court believes that L.B. may offer arguments that the Hevners might overlook, given that they are currently adversaries in the underlying litigation. The Court acknowledges that both the Hevners and L.B. share a financial interests in making sure that there is coverage. But there may be arguments that L.B. might present as to coverage that the Hevners do not want to make that would prejudice their efforts in the underlying state action. The Court therefore finds these factors weigh in favor of intervention.

* * *

The Court finds that all four of Rule 24(a)(2)'s factors support intervention. The Court therefore GRANTS the Motion and will permit L.B. to intervene.

**F.     Use of Pseudonym**

The Court finds good cause to permit L.B. to proceed in this matter using a pseudonym to protect her identity and avoid unnecessary intrusions on her privacy. The Court is unaware of any prejudice that will occur from allowing her to proceed in this manner. The Court GRANTS this request.

## CONCLUSION

The Court finds that intervention is appropriate under Rule 24(a)(2). L.B. shall be permitted to intervene in this action. And she will be permitted to do so while using a pseudonym. The Court GRANTS the Motion.

The clerk is ordered to provide copies of this order to all counsel.

Dated March 19, 2025.

Marsha J. Pechman
United States Senior District Judge